MONTZ SALES & SERVICE, INC., APPELLANT, *v.* CITY OF BARBERTON, APPELLEE.

(No. 11089—Decided July 27, 1983.)

*Mr. Robert D. Moss,* for appellant.

*Mr. Michael J. McNulty,* for appellee.

GEORGE, J. The appellant, Montz Sales & Service, Inc., filed a complaint against the city of Barberton claiming that the city did not act in good faith in negotiations with regard to a proposed land acquisition of Montz's rental property. Montz claims that it incurred damages that included payment of brokerage commissions, lost rental, and attorney fees.

Upon the city's motion, the trial court dismissed the complaint and granted summary judgment to the city. Montz appeals from this judgment.

Montz raises three assignments of error. Each is directed to the impropriety of the granting of the motion for summary judgment. They will, therefore, be discussed together.

The test for determining whether a motion for summary judgment should be granted is set forth in *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66 [8 O.O.3d 73]:

"The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor."

To uphold the trial court's judgment, this court must find that the city met its burden by meeting the test. In the instant case, the parties stipulated to the following facts. Montz and representatives of the city negotiated a proposed acquisition of the Montz property. Following negotiations, an ordinance was introduced and passed, authorizing the acquisition of this property for $174,000. The mayor vetoed this ordinance. Upon resubmission to

council, there were insufficient votes to override the veto. As a result, the property was not acquired.

Montz sued to recover its expenses incurred as a result of the city's attempted acquisition of its property. The city argued that the complaint failed to state a claim upon which relief could be granted. Montz responded, saying that the city did not act in good faith. Therefore, Montz claimed that it was entitled to the recovery of losses occasioned by such bad faith.

Montz places reliance on the statutory relief provided under R.C. 163.21 and the common-law relief afforded for actions of bad faith. First, this court finds that Montz is not entitled to relief under R.C. 163.21. R.C. 163.21(B) provides that when the city abandons an appropriation proceeding, it will be liable for costs, which include witness fees, attorney fees, and other actual expenses.

Here, the parties reached a negotiated agreement for the purchase of the Montz property. This was a proposed contract which did not receive ratification by the city. Negotiations that result in a proposed contract for the purchase and sale of real property are not proceedings as contemplated under R.C. Chapter 163. Since this was not an appropriation proceeding, the relief provided by R.C. 163.21(B) is inapplicable.

Second, this court finds that Montz is not entitled to relief under the theory of bad faith. Recovery under the theory of bad faith on the part of the city is likewise available only when an appropriation proceeding has been commenced. 6 Nichols, Eminent Domain (3 Ed. 1981) 26-308, Section 26.45.

Montz further argued that while there was no enforceable contract, the city was liable under the theory of quasi-contract or implied contract. The city cannot be held liable under these theories. 21 Ohio Jurisprudence 3d (1980) 371, Counties, Townships and Municipal Corporations, Section 809. Here, the city had negotiated

for the acquisition of Montz's property but never entered into a contract to acquire it.

Finally, Montz argued that at the very least the city is morally obligated to reimburse Montz for its expenses incurred during the negotiation process. However, there is no legal remedy available to compel the city to pay claims based upon a moral obligation. Additionally, the existence of a moral obligation is a matter to be determined by the city, and not by the court.

Construing the facts in a light most favorable to Montz, including that the city acted in bad faith, still leaves Montz without an actionable remedy. There is neither a statutory remedy nor a common-law remedy available when appropriation proceedings have not been commenced. Therefore, since there was no genuine issue as to any material fact, and since there is no relief available to Montz, by law the city was entitled to summary judgment.

The summary judgment having been properly granted, the assignments of error are each overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.